UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-21725-SCOLA
MAGISTRATE JUDGE P.A. WHITE

LARAE WILLIAMS,

       Plaintiff,

v.

           **PRELIMINARY**
           **REPORT OF MAGISTRATE JUDGE**

CORPORAL NEWMAN, et al.,

       Defendants.
_____/

### I. Introduction

Larae Williams has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1). He previously filed a legally sufficient motion to proceed *in forma pauperis,* which was granted by court order without requiring that plaintiff prepay the filing fee, but establishing a $350.00 debt.

This case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B),(C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

Plaintiff is proceeding *in forma pauperis* ("IFP") and thus subject to §1915(e)(2) screening. It is only where a Plaintiff is not proceeding IFP, that his pleadings are not subject to the screening provision of 28 U.S.C. §1915(e)(2). See Farese v. Scherer, 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, §1915(e) only applies to cases in which the plaintiff is proceeding IFP"); see also, Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(citations omitted). Regardless whether the plaintiff is proceeding IFP or not, because Plaintiff is a prisoner seeking

redress against governmental entities, employees, or officers, his pleadings are subject to screening under 28 U.S.C §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. §1915A; Thompson v. Hicks, 213 Fed.Appx. 939, 942 (11th Cir. 2007)(per curiam).

It is noted that pleadings drafted by pro se litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening of the Complaint (DE# 1), pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

## II. Standard of Review

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

*   *   *

(B) the action or appeal –

*   *   *

(i)  is frivolous or malicious;

2

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief from a defendant who is immune from such relief.

Because plaintiff is a pretrial detainee prisoner, and has sought and been granted leave to proceed *in forma pauperis*, the Prison Litigation Reform Act requires that the court review all complaints against governmental officers and entities to determine whether the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(a), (b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the plaintiff has little or no chance of success. Bilal, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)").

Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(<u>abrogating</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979)(<u>quoting</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory

statements." Second, the Court must determine whether the complaint
states a plausible claim for relief. Id. This is a
"context-specific task that requires the reviewing court to draw on
its judicial experience and common sense." The plaintiff is
required to plead facts that show more than the "mere possibility
of misconduct." The Court must review the factual allegations in
the complaint "to determine if they plausibly suggest an
entitlement to relief." When faced with alternative explanations
for the alleged misconduct, the Court may exercise its judgment in
determining whether plaintiff's proffered conclusion is the most
plausible or whether it is more likely that no misconduct
occurred.[1]

### III.  Facts Set Forth in the Complaint-DE#1

The plaintiff is suing the defendants, Correctional Officer
Corporal Newman, Correctional Officer Sergeant Green and Director
Daniel Junior. The plaintiff alleges that on January 17, 2017 the
defendants failed to provide him a restroom which caused him to
soil himself. As a result he was bullied by another inmate. He also
claims that he missed his meals and medication on January 17, 2017.
He also alleges that on March 9, 2017 he was unable to appear for
a court hearing.

The plaintiff has attached grievance forms which provide
additional information regarding his claims. According to a
grievance filed on February 27, 2017 the plaintiff was transported
to court in a wheelchair van. After his court hearing he was forced
to wait eight hours in a holding sell for a wheelchair van to
return him to his jail cell. In response to the grievance the
Miami-Dade Corrections and Rehabilitation Department apologized and

---

[1]The application of the Twombly standard was clarified in Ashcroft v.
Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

advised the plaintiff that adjustments to transportation were made, including identifying additional vehicles for transporting wheelchairs. In a second grievance filed on March 13, 2017, the plaintiff complained that he missed a court date because no wheelchair van was available. The Department responded by apologizing and advising the plaintiff that the wheelchair van had been damaged and was in the shop. The Department acknowledged that staff had failed to identify the plaintiff has requiring a wheelchair accessible van and issued an apology.

## IV.  Discussion

A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 290, 166 L.Ed.2d 798 (2007). "Section 1983 creates no substantive rights; it merely provides a remedy for deprivations of federal statutory and constitutional rights." Almand v. DeKalb County, Ga., 103 F.3d 1510, 1512 (11th Cir. 1997)(citation omitted). Further, §1983 is not meant to replace state tort law, it is only meant to provide a remedy for violations of federally protected rights. Id. at 1513 (citing Baker v. McCollan, 443 U.S. 137, 145-146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)). A successful §1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." See Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

### A.  8th Amendment Claim

Plaintiff's allegations in this case concerns the conditions

of his confinement.  As a pretrial detainee, his claims thus arise under the Due Process Clause of the Fourteenth Amendment that prohibits the infliction of cruel and unusual punishment.  <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 535 (1979); <u>Hamm v. DeKalb County</u>, 774 F.2d 1567, 1571-1574 (11th Cir. 1985).  However, the standards applied to such claims are the same as those applied to Eighth Amendment claims by convicted inmates.  <u>See</u> <u>Bell</u>, 441 U.S. at 535 (1979); <u>Hamm</u>, 774 F.2d at 1574 (with respect to allegations involving the "basic necessities of life, the fourteenth amendment rights of detainees can be defined by reference to the eighth amendment rights of convicted inmates").

The constitutional guarantee against cruel and unusual punishment prohibits punishments that "shock the conscience, involve unnecessary and wanton infliction of pain, offend evolving notions of decency or are grossly disproportionate to the offense for which they are imposed." <u>Hamm</u>, 774 F.2d at 1571 (citations omitted); <u>see also</u> <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)(conditions of penal confinement "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment").  Whether conditions of confinement are cruel and unusual must be determined "'from the evolving standards of decency that mark the progress of a maturing society.'" <u>Rhodes</u>, 452 U.S. at 346, (<u>quoting</u> <u>Trop v. Dulles</u>, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958).  "To the extent that such conditions are restrictive and harsh, [but do not offend contemporary standards of decency] they are part of the penalty that criminal offenders pay for their offenses against society." <u>Id.</u> at 347.

To prevail on an claim for cruel and unusual punishment under §1983, the plaintiff must prove: "1) a condition of confinement

that inflicted unnecessary pain or suffering; 2) the defendant's deliberate indifference to that condition; and 3) causation." LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993)(citations omitted).

   With regard to conditions of confinement, the Constitution does not "purport to regulate the general conditions and quality of life in the country's jails . . . courts should not get enmeshed in the minutiae of prison operations." Hamm, 774 F.2d at 1573.  In the specific context of basic human needs, the inmates must be furnished with a "reasonably adequate diet and living space . . ." Id. at 1574.  With regard to diet, "a well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required . . . the fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation." Id. at 1575; see also Jones v. Diamond, 636 F.2d 1364, 1378 (5th Cir. 1981); Smith v. Sullivan, 553 F.2d 373, 380 (5th Cir. 1977).  Food need only be "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." Brown v. Detella, 1995 U.S. Dist. LEXIS 13260.

   The Constitution does not require prisoners be granted every amenity.  The constitutional guarantee against cruel and unusual punishment is satisfied by providing prisoners with "reasonably adequate food, clothing shelter, sanitation, medical care and personal safety." Newman v. Locke, 559 F.2d 283, 291 (5th Cir. 1977); see also Newman v. Alabama, 559 F.2d 283, 286 (5th Cir. 1977)(prisoners need only be provided reasonably adequate food); Ramos v. Lamm, 639 F.2d 559, 570-71 (10th Cir. 1980), cert. denied, 450 U.S. 1041 (1981)(food need only be prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it).

8

As to deliberate indifference, the Constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property. <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986). "Where a government official's act causing injury to life, liberty or property is merely negligent, no procedure for compensation is constitutionally required." <u>Id.</u> at 333; <u>see also</u> <u>Ortega v. Rowe</u>, 796 F.2d 765, 768 (5th Cir. 1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 347 (1986). To be cruel and unusual punishment, an official's conduct must "involve more than ordinary lack of due care for the prisoner's interests and safety. <u>Whitley v. Albers</u>, 475 U.S. 312, 318 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the cruel and unusual punishments clause . . . " <u>Id.</u>  The Plaintiff must therefore "prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, so that a conscious, culpable refusal to prevent the harm can be inferred from the [official's] failure to prevent it." <u>LaMarca</u>, 995 F.2d at 1536.

Where the defendant is a governmental entity, the deliberate-indifference inquiry asks whether there were substantial risks present that were "so obvious" that the entity itself "can reasonably be said to have been deliberately indifferent to the need." <u>See</u> <u>City of Canton v. Harris</u>, 489 U.S. 378, 396, 109 S.Ct. 1197, 1208-09, 103 L.Ed.2d 412 (1989); <u>Farmer v. Brennan</u>, 511 U.S. 825, 841, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

Here the plaintiff has failed to sufficiently allege a claim for relief under the Eighth Amendment. While he alleges that the defendant's failed to provide a wheelchair van, he has not alleged that the defendants were deliberately indifferent to a substantial risk of harm. First the plaintiff has not established that he was

subject to a substantial risk of harm. At worst he missed a meal and one medication. Second, the defendants, as represented in their responses to the plaintiff's grievances, acknowledged their error and sought to insure that the problem did not reoccur. The defendants were not deliberately indifferent to the plaintiff's needs. At worst the defendants were negligent in failing to provide a wheelchair van in a timely manner. Since the plaintiff cannot establish deliberate indifference to a substantial risk of harm his Eighth Amendment claim should be dismissed for failure to state a claim upon which relief can be granted.

> B.  <u>Americans with Disabilities Act Claim</u>

The plaintiff also presents a claim under the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq*.). Title II of the ADA, which prohibits public entities from discriminating against disabled individuals, applies to prisoners in state correctional facilities. <u>See</u> 42 U.S.C. 12132; <u>Pa. Dep't of Corr. v. Yeskey</u>, 524 U.S. 206, 210. "In order to state a Title II claim, a plaintiff generally must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." <u>Bircoll v. Miami-Dade Cty.</u>, 480 F.3d 1072, 1083 (11th Cir. 2007) (citing <u>Shotz v. Cates</u>, 256 F.3d 1077, 1079 (11th Cir.2001).

Here the plaintiff has failed to state a claim under the ADA. While he alleges that he is wheelchair bound and the he was denied transportation, he has not established that he was excluded from participation in or denied the benefits of a public entity's services, programs or activities or otherwise discriminated against on account of his disability. At best he has established that on

two occasions the defendants were negligent in providing adequate transportation. Otherwise, as indicated by the defendants' response to his grievances, there is adequate accommodation for his disability through the use of wheelchair accessible vans. Therefore his ADA claim should also be dismissed for failure to state a claim upon which relief can be granted.

### III.   Conclusion

Based on the foregoing, it is recommended that the Complaint be dismissed for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 10th day of July, 2017.

UNITED STATES MAGISTRATE JUDGE

cc:  Larae Williams
     160138585
     Metro West Detention Center
     13850 NW 41 Street

Miami, FL 33178
PRO SE