United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Larae Williams, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-21725-Civ-Scola |
| | ) |
| Corporal Newman, and others, | ) |
| Defendants. | ) |

**<u>Order Adopting Magistrate Judge's Report And Recommendation</u>**

This case was referred to United States Magistrate Judge Patrick A. White, consistent with Administrative Order 2003-19 of this Court, for a ruling on all pre-trial, nondispositive matters and for a report and recommendation on any dispositive matters. On July 10, 2017, Judge White issued a report, recommending that, upon initial screening in accordance with 28 U.S.C. § 1915, the Court dismiss this complaint based on Plaintiff Larae Williams's failure to state a claim. (Prelim. Rep. of Magistrate, ECF No. 7.) Williams has filed objections to the report. (ECF No. 8.)

The Court has reviewed—de novo—Judge White's report, Williams's objections, the record, and the relevant legal authorities. In his 42 U.S.C. § 1983 complaint, Williams alleges violations of both the Eighth Amendment as well as the Americans with Disabilities Act. Williams, confined to a wheelchair, alleges, first, that on January 17, 2017, he was kept in a holding cell at the courthouse for an excessive period without access to a restroom. As a result, he soiled himself and was thereafter consequently bullied by another inmate. Additionally, because he was not returned to his detention center until after 8:00 p.m., he missed his meal and medications. Second, Williams alleges that on March 9, 2017, he missed a court hearing because the detention facility failed to provide wheelchair-accessible transportation.

In his report, Judge White found Williams's Eighth Amendment claim failed because, in part, he was unable to establish the Defendants' deliberate indifference to a condition of confinement that inflicted unnecessary pain or suffering. Regarding Williams's ADA claim, Judge White concluded that Williams had at most shown that the Defendants had been negligent on two occasions but that he failed to establish actual discrimination that was based on his disability.

In his objections, with respect to his Eighth Amendment claims, Williams submits that he established that his conditions of confinement so obviously inflicted suffering that the Defendants can reasonably be said to have acted

with deliberate indifference. Although Williams's predicament might have indeed been obvious, Williams's complaint still fails to establish that the Defendants acted with deliberate indifference. For example, in his objections, Williams alleges that one of the Defendants responded to him that he did not have access to a key for the restroom that could accommodate him. At most this allegation, if true, would amount to only negligence, or perhaps incompetence, falling well short of the showing required for establishing deliberate indifference. Further, Williams's other complaints, regarding his missing a meal and his medication, being bullied, and missing a court date, do not rise to the level of the "unnecessary pain and suffering" contemplated by an Eighth Amendment claim. *E.g. LaMarca v. Turner*, 995 F.2d 1526, 1535 (11th Cir. 1993).

Similar reasoning applies to Williams's ADA claims. The most that Williams has alleged is the Defendants were negligent in failing to properly accommodate him. And while the Defendants' failures are troubling, Williams has not alleged facts that establish that such shortcomings amounted to discrimination based on Williams's disability.

In sum, upon a de novo review, the Court finds Judge White's report and recommendation cogent and compelling. The Court **affirms and adopts** Judge White's report and recommendation (**ECF No. 7**) and **dismisses** the complaint, albeit without prejudice (**ECF No. 1**). The Court directs the Clerk to **close** this case and to **deny** all pending motions as moot.

**Done and ordered**, at Miami, Florida, on July 28, 2017.

_____
Robert N. Scola, Jr.
United States District Judge